IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| RODNEY GLENN WILLIAMS, #218 974 | * | |
| Plaintiff, | * | |
| v. | * | 3:07-CV-665-MEF (WO) |
| JAY JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a county inmate, complains that Defendants acted negligently in failing to afford him sufficient protection from the conduct and/or actions of other inmates. Plaintiff is currently incarcerated at the Lee County Detention Center ["LCDC"] located in Opelika, Alabama  The incident about which he complains occurred at LCDC on July 11, 2007. Plaintiff names as defendants Sheriff Jay Jones, Luther Forman, Sergeant Lyles, and Officers Scroggins and Pierson. Plaintiff seeks damages and requests that Defendants be terminated from their jobs. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  FACTS

On July 11, 2007, shortly before service of the evening meal, an altercation occurred between two inmates.  Plaintiff intervened in an effort to break up the incident.  When he did so he was "blindsided" by another inmate.  He fell to the ground where the assault on him continued. Jailers responded to the incident whereupon Officer Wheeler pulled Plaintiff out of cellblock 300 and took him immediately to LCDC's health care unit.  Jailers proceeded to lock down cellblock 300.  Prison personnel then transported Plaintiff to East Alabama Medical Center where he received further treatment for the injuries he sustained during the altercation.  (Doc. No. 1.)

## II.  DISCUSSION

Prison officials have a duty not to disregard a known risk to inmate safety.  *Farmer v. Brennan*, 511 U.S. 825 (1994);  *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990).   In a prison setting,  confrontations among inmates are a daily occurrence as prisoners engage in an unending struggle for position and power among the incarcerated.

According to the factual allegations contained in the present complaint, as Plaintiff attempted to break up a fight between other inmates, he was unexpectedly assaulted by another inmate.  Jailers responded to the incident and removed Plaintiff from the cell block for treatment of injuries he sustained during the altercation. The facts alleged in the complaint reflect that the incident in question was  spontaneous  thereby discharging the Eighth Amendment duty to protect Plaintiff under the facts presented in the instant complaint

as Plaintiff has not demonstrated Defendants' deliberate indifference. Plaintiff, therefore, fails to state a claim against Defendants under the Eighth Amendment with regard to the July 11, 2007 incident. Furthermore, any claim that prison officials should have done more goes beyond the constitutional imperative against ignoring a potential threat and amounts only to a claim that prison staff were negligent. Negligence, however, is not actionable in a complaint filed under 42 U.S.C. § 1983. The present matter is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *Daniels v. Williams*, 474 U.S. 327 (1986); *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991); *Neitzke v. Williams*, 490 U.S. 319 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 6, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of July 2007.

Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE